UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED IN OPEN COURT
10-29-08
CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES OF AMERICA

v.                                        CASE NO. 3:08-cr-152-J-16JRK

ROBERT STEWART

**PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by ~~Robert E. O'Neill~~ A. Brian Albritton, United States Attorney for the Middle District of Florida, and the defendant, ROBERT STEWART, and the attorney for the defendant, Robert Willis, Esq., mutually agree as follows:

A.  **Particularized Terms**

   1.  **Count(s) Pleading To**

   The defendant shall enter a plea of guilty to Count One of the Indictment. Count One charges the defendant with conspiracy to distribute five (5) kilograms or more or cocaine, a Schedule II controlled substance, and 100 kilograms or more of marihuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A), 841(b)(1)(B) and 846.

   2.  **Minimum and Maximum Penalties**

   Count One is punishable by a mandatory minimum term of imprisonment of ten (10) years up to life imprisonment, a fine of $4,000,000, or both, a term of supervised release of at least five (5) years, and a special assessment of $100, said

Defendant's Initials _R.S._                                    AF Approval _[initials]_

special assessment to be due on the date of sentencing. In addition, if the defendant were to violate the terms and conditions of supervised release upon release from imprisonment, the defendant could be sentenced to an additional term of imprisonment of up to five (5) years.

3. **Elements of the Offense(s)**

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty. The elements of Count are:

> First: That two or more persons in some way or manner came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the Information; and
>
> Two: That the defendant, knowing the unlawful purpose of the plan, willfully joined in it.

In addition to these elements, in order to establish that the increased penalty provisions of 21 U.S.C. § 841(b)(1)(A) are applicable (e.g., 10 years to life imprisonment) the United States must prove that the object of the conspiracy was to distribute five (5) kilograms or more of cocaine.

4. **Acceptance of Responsibility - Three Levels**

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant

Defendant's Initials    2

understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b), the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

5. **Base Offense Level**

Pursuant to Fed. R. Crim. P. 11(e)(1)(B), the United States and the defendant stipulate and agree that the defendant's base offense level be calculated at 32 pursuant to USSG §§ 2D1.1 and 1B1.3. The defendant understands that this stipulation and agreement is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

7. **Cooperation - Substantial Assistance to be Considered**

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other

Defendant's Initials _R.d._    3

matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8. **Use of Information - Section 1B1.8**

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining

Defendant's Initials _R.A._    4

the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

9. **Cooperation - Responsibilities of Parties**

a. The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b. It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1) The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2) The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of

Defendant's Initials  R.J.

5

the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3) The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4) The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5) The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth

Defendant's Initials  *R.d.*

6

in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

B. **Standard Terms and Conditions**

1. **Restitution, Special Assessment and Fine**

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987) or § 3579, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2. **Supervised Release**

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

Defendant's Initials _R.J._       7

3. **Sentencing Information**

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition. The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office or any victim named in an order of restitution, or any other source, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

4. **Sentencing Recommendations**

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a

Defendant's Initials  _R.L._                    8

decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

5. **Defendant's Waiver of Right to Appeal and Right to Collaterally Challenge the Sentence**

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the

Defendant's Initials _R.d._

9

Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

6. **Middle District of Florida Agreement**

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

7. **Filing of Agreement**

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

8. **Voluntariness**

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction

Defendant's Initials  *R.L.*        10

with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

9. **Factual Basis**

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

Defendant's Initials _R.A._      11

10. **Entire Agreement**

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

11. **Certification**

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 29 day of October, 2008.

A. Brian Albritton
~~ROBERT E. O'NEILL~~
United States Attorney

_____        By: _____
ROBERT STEWART                             JULIE HACKENBERRY SAVELL
Defendant                                  Assistant United States Attorney

_____             _____
ROBERT WILLIS                              FRANK M. TALBOT
Attorney for Defendant                     Assistant United States Attorney
                                           Deputy Chief, Jacksonville Division

Defendant's Initials  RS           12

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:08-cr-152-J-16JRK

ROBERT STEWART

## PERSONALIZATION OF ELEMENTS

1. From in or about 2005 through in or about March 2008, at Jacksonville, Yulee, and Fernandina Beach, in the Middle District of Florida, California, and elsewhere, did you come to a mutual understanding with others to try to accomplish a common and unlawful plan, that is, to distribute cocaine, a Schedule II controlled substance, the amount of cocaine being five (5) kilograms or more, and marihuana, a Schedule I controlled substance, the amount of marihuana being 100 kilograms or more, as charged in the Indictment?

2. Did you, knowing the unlawful purpose of the plan, willfully join in it?

Defendant's Initials  .       13

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:08-cr- 152-J-16JRK

ROBERT STEWART

## FACTUAL BASIS

On March 2, 2008, a cooperating individual met with Robert Stewart, at the direction of law enforcement officers, and together they went to a storage facility on Southside Blvd. Stewart went into unit #222 and retrieved four large cardboard boxes which he loaded into the cooperating individual's vehicle. The cooperating individual then dropped Stewart off and met with law enforcement officers and turned over the boxes to the officers. The boxes contained approximately 100 pounds of marihuana. The shipping labels on the boxes had been removed. The transaction was videotaped.

On March 5, 2008, the JSO officers approached Stewart who agreed to be interviewed at the narcotics office. Stewart was advised of his rights and signed a waiver of rights form. Stewart admitted to obtaining marihuana and cocaine from "Everton," identified as Basil Jones. Stewart advised that he received over 5 kilograms of cocaine and many pounds of marihuana, all of which were shipped from Jones in California to Amy Thomas who then delivered it to Stewart. Stewart advised that he would receive the drugs in the cardboard boxes with the shipping labels removed and that he would then break down the drugs which he distributed to others. Stewart

Defendant's Initials _R.d._

advised that he used the storage facility to conceal the drugs and that he had a kilogram of cocaine and a firearm inside the storage unit. Stewart gave the officers consent to search the storage unit and his hotel room. Inside the hotel room, officers found marihuana and approximately $76,000. Stewart identified photos of Amy Thomas and Basil Jones, a/k/a Everton, as the individuals from whom he obtained marihuana and cocaine.

On March 18, 2008, Detective Bates, JSO, and Nassau County officers conducted surveillance on Amy Thomas' residence in Yulee. As Thomas drove into her neighborhood and opened her garage door, law enforcement officers approached and observed seven (7) cardboard boxes stacked in the garage, which appeared identical to the ones seized from Stewart. Law enforcement officers spoke with Thomas who agreed to cooperate. Thomas was advised of her rights and then signed a consent form to search her residence. Inside the residence, officers found approximately 83 pounds of marihuana and $21,808 in cash.

Thomas admitted obtaining marihuana and cocaine from Jones since approximately 2005 which she and Jones distributed to others. Thomas identified Elizabeth Duckworth as an individual that also received packages of marihuana from Jones and as an individual who, like Thomas, body carried large sums of money back to Jones in California.

Duckworth was arrested on March 20, 2008 after Thomas called her at the direction of law enforcement officers, and arranged to get a package of marihuana that had been sent by Jones to Duckworth. When Duckworth arrived with the package, which contained 25 pounds of marihuana, law enforcement officers approached her

Defendant's Initials _R.d._     2

and read her rights.  Duckworth admitted obtaining packages of marihuana from Jones which she gave to Thomas for further distribution and admitted to delivering the drug proceeds to Jones in California.

    The amount of marihuana and cocaine attributable to Stewart in the conspiracy charged equates to offense level 32.

Defendant's Initials       3