UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                                          CASE NO. 3:08-cr-00152-J-16JRK

ROBERT STEWART

_____

**DEFENDANT S SENTENCING MEMORANDUM**

The above captioned will be before the court for sentencing on January 29, 2009, at 11:00 A.M. He has entered a plea to Count I of the Indictment which carries a minimum mandatory term of imprisonment of 10 years up to life imprisonment, supervised release of at least five years, special assessment of $100.00, and a maximum fine of $4,000,000.00. It is expected that the government will be filing a motion pursuant to Section 5K, of the United States Sentencing Guidelines, and 18 U.S.C. Section 3553, based upon his cooperation.

Accordingly, the court is empowered to impose any sentence that it determines to be reasonable after consideration of those factors found at 18 U.S.C. Section 3553(a)(1)-(7). This memorandum is intended to augment the PreSentence Report and will serve to briefly summarize the Defendant s position with respect to sentencing. There will be references to the PreSentence Report and letters which have been submitted on the

Defendant's behalf and communicated to the court via the probation officer as attached to the PreSentence Report.

Apart from consideration of the sentencing guidelines computation, it appears that the most relevant factors to be considered are those at 18 U.S.C. Section 3553(a)(1), (2)(A) - (D) and (3).

The first of these requires the court to consider the nature and circumstances of the offense and the history and characteristics of the Defendant. Here, these two areas combine to provide a relatively accurate profile of how the Defendant got into this situation and the significance or severity of the offense itself.

As the PreSentence Report shows, the Defendant is from a working class family. His mother has been employed with Landstar Transportation as a claim supervisor for over 30 years. His father is permanently disabled from a motor vehicle accident resulting in severe physical injuries. His one sister is employed by Florida Power & Light.

The Defendant is relatively young (age 32) and has a very limited education, having dropped out of school after the ninth grade. Unlike many persons who appear before this court, however, the Defendant has a responsible history of legitimate employment, primarily in the construction industry. The PreSentence Report (Paragraphs 49-52) describes that history and there are several laudatory letters to be attached to the PreSentence Report from individual customers. He has marketable skills and, particularly with additional training through prison programs, is fully capable of making a legitimate

living for himself upon his release from imprisonment.

Importantly, he also has an incentive to pursue a legitimate future. The Defendant has two children from two separate women and he has maintained a strong, loving, and fully supportive relationship with both of those children.

Unfortunately, the Defendant also has a strong and persistent history of substance abuse. The criminal history recited in the PreSentence Report correctly notes a conviction for disorderly intoxication (age 19), two convictions for DUI (age 29), and multiple instances of simple possession of marijuana and/or cocaine.

It is through that involvement that the Defendant started in the offense behavior which brings him before the court. According to the Indictment, the conspiracy began in 2005 and continued until the arrest in early 2008. Because of that several year duration, the aggregate total of contraband involved yields an agreed Guideline Level 32.

At the time of his arrest, the Defendant surrendered all profits of his illegal enterprise. Also, there is no known history of any extravagant lifestyle and the only thing he has gained from this illegal enterprise is the prospect of a lengthy term of imprisonment.

The second significant factor to be considered is the need for the sentence to be imposed to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense; to afford adequate deterrence to criminal

conduct; to protect the public from further crimes of the Defendant; and to provide the Defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner. (18 U.S.C. Section 3553(2)(A) - (D) While the offense is serious, it may be fairly characterized as routine and not distinctive in the volume or sophistication of the scheme. There is no history of violence in his criminal history nor is there any suggestion of violence involved in the criminal behavior at issue.

It is respectfully suggested that the individual deterrence and general deterrence that the law requires can be adequately satisfied by a sentence in the three to five year range. There are at least two considerations that support that view:

First, there are two convictions for possession of controlled substance which occurred during the period of the charged conspiracy and might arguably be considered to have been part of the conspiracy. (PreSentence Report Paragraphs 33 and 34)

Secondly, the Defendant has never been exposed to the kind of truly substantial penalty that he now faces. To the extent that substantial terms of imprisonment may be attention getters , this is the first time that he has been faced with that outcome. Perhaps more significantly, he clearly understands the implications of Section 4B1.1 of the United States Sentencing Guidelines relating to career offender if there is further criminal behavior in the future. The Defendant has previously been convicted of possession of marijuana with intent to sell or manufacture and received a sentence of six months in jail.

(PreSentence Report Paragraph 30) The instant conviction would constitute the second qualifying offense so that any future similar criminal behavior will make him a career offender with the terrible consequences that come with that designation. In short, if he is ever back, he will not be back again.

Also, the suggested sentence range would be sufficiently lengthy that he could be allowed to participate in the drug and alcohol treatment program available through the Bureau of Prisons.

The final significant factor would seem to be the kinds of sentences available. 18 U.S.C. Section 3553(a)(3) The Defendant is obviously going to receive a term of imprisonment and just as obviously will receive a supervised release of at least five years. Accordingly, there will be ample opportunity for this court (and others) to evaluate the genuineness of his commitment to a productive and lawful lifestyle.

It is respectfully submitted that the suggested sentencing range would be sufficient but not greater than that necessary to learn the required lesson without unduly crippling his future chance for change.

**RESPECTFULLY SUBMITTED** this 23rd day of January, 2009.

      s/ Robert Stuart Willis
ROBERT STUART WILLIS
Florida Bar No.: 153152
Attorney for Defendant Stewart
Willis, Ferebee & Hutton
503 East Monroe Street
Jacksonville, Florida 32202

5

          Telephone:  (904) 356-0990
          Fax: (904) 353-2756
          E-mail: rwillislaw@aol.com

I CERTIFY that on January 23, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Julie Savell, Esquire, Assistant United States Attorney.

          s/ Robert S. Willis
          ROBERT STUART WILLIS
          Florida Bar No.: 153152
          Attorney for Defendant Stewart
          Willis, Ferebee & Hutton
          503 East Monroe Street
          Jacksonville, Florida 32202
          Telephone: (904) 356-0990
          Fax: (904) 353-2756
          E-mail: rwillislaw@aol.com